Filed 5/20/15  P. v. May CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C077587 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12NCR09485, CM037057, CM039258) |
| v. | |
| JASON LEE MAY, | |
| Defendant and Appellant. | |

Defendant Jason Lee May pleaded guilty to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a strike allegation (Pen. Code, § 1170.12)[1] in case No. 12NCR09485.  The trial court sentenced defendant for these crimes as well as two counts of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and an on-bail enhancement (§ 12022.1) in Butte County case

_____

[1] Further undesignated statutory references are to the Penal Code.

1

Nos. CM037057 and CM039258, imposing an aggregate term of nine years four months in state prison.

Defendant appeals, contending the provisions of Proposition 47, the Safe Neighborhoods and Schools Act, apply retroactively to reduce his convictions for possession of a controlled substance to misdemeanors. We disagree.

## DISCUSSION

The underlying facts of defendant's crimes are irrelevant to the issue on appeal. It suffices to say that defendant was convicted of felony drug possession for conduct that cannot now be charged as felonious.

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70. § 3.) It also added section 1170.18, subdivision (a) which provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Defendant correctly notes possession of a controlled substance is now a misdemeanor and he apparently does not have a disqualifying prior conviction. (Health & Saf. Code, § 11377, subd. (a).) He argues that pursuant to *In re Estrada* (1965) 63 Cal.2d 740, the provisions of Proposition 47 operate retroactively to reduce his receiving stolen property conviction to a misdemeanor.

*Estrada* held: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should

2

apply to every case to which it constitutionally could apply." (*In re Estrada, supra*, 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid*.) Thus if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*Id.* at p. 748.)

The Legislature may signal its intent by including an express saving clause making the amendment prospective, "or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) *People v. Yearwood* (2013) 213 Cal.App.4th 161, held that a provision in Proposition 36, the Three Strikes Reform Act of 2012, § 1170.126, which created a postconviction resentencing procedure similar to the one in section 1170.18, was the "functional equivalent" of a saving clause. (*Yearwood*, at p. 172.) Referencing *Yearwood*, this court has concluded that a defendant who may potentially benefit from retroactive application of Proposition 47 is limited to the statutory remedy of petitioning for recall of sentence in the trial court after the judgment has become final. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

We agree with the result in *People v. Noyan, supra*, 232 Cal.App.4th 657. The procedure set forth in section 1170.18 applies to "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . ." Defendant is such a person. The act clearly states the manner in which any adjustment in his sentence is to be accomplished. Defendant is limited to the statutory remedy of petitioning the trial court for recall of sentence when the judgment is final.

## DISPOSITION

The judgment is affirmed.


DUARTE                    , J.


We concur:


RAYE                    , P. J.


HOCH                    , J.

4